IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) NON-ARTERITIC ISCHEMIC OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION | MDL NO. 3163<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **GARY PEDEN,**<br><br>               Plaintiff,<br><br>vs.<br><br>**NOVO NORDISK INC. and NOVO NORDISK A/S**<br><br><br>               Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-CV-01091 |

**COMPLAINT AND JURY DEMAND**

1

**DIRECT FILING INTO MDL 3163 PURSUANT TO CASE MANAGEMENT ORDER 4**

1. Plaintiff, Gary Peden, files this Complaint pursuant to the Direct Filing Order and is to be bound by the rights, protections and privileges, and obligations of that Direct Filing Order and other Orders of the Court. Further, in accordance with the Direct Filing Order, Plaintiff hereby designates the United States District Court for the Eastern District of Tennessee, Knoxville Division as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (check the appropriate box(es)):

____ Plaintiff currently resides in _____ (City/State).

____ Plaintiff purchased and used Defendant(s)' products in _____ (City/State).

____ The Original Venue is a judicial district in which Defendant _____ resides, and all Defendants are residents of the State in which the district is located (28 USC § 1391(b)(1)).

_X_ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 USC§ 1391(b)(2)):

<u>The Eastern District of Tennessee, Knoxville Division, is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Defendants routinely market the products at issue in this District and conduct business here related to the manufacture of those products. The injury giving rise to Plaintiffs claims occurred in this district.</u>

____ There is no district in which an action may otherwise be brought under 28 USC §1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction with respect to this action (28 USC § 1391(b)(3)).

____ Other reason (please explain):_____.

## PARTIES

2. Plaintiff Gary Peden is a resident and citizen of Alabama.

3. Defendant Novo Nordisk Inc. ("Novo Nordisk") is a Delaware corporation that has its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

4. Defendant Novo Nordisk A/S is a Danish corporation with its principal place of business in Denmark.

5. Defendants designed, researched, tested, manufactured, labeled, marketed, promoted, monitored, and sold Ozempic (semaglutide) in the United States.

## JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and related statutes.

7. This action is part of MDL No. 3163 for coordinated pretrial proceedings.

## FACTUAL ALLEGATIONS

8. Ozempic is a GLP-1 receptor agonist prescribed for Type 2 diabetes and weight management.

9. Non-arteritic anterior ischemic optic neuropathy ("NAION") is a sudden ischemic injury to the optic nerve that can result in permanent vision loss or blindness.

10. At all relevant times, Defendants knew or should have known that Ozempic was associated with increased risks of ischemic events and optic nerve injury, including NAION.

11. Plaintiff was prescribed Ozempic and used it as directed.

12. Plaintiff had no prior history of NAION before Ozempic use.

13. After beginning Ozempic therapy, Plaintiff suffered sudden vision loss while in Tennessee and was later diagnosed with NAION.

14. Plaintiff sustained severe and permanent vision impairment, including functional blindness.

## Failure to Warn and Ongoing Safety Duties

15. At the time of Plaintiff's prescription, Defendants did not provide adequate warnings regarding the risk of NAION and permanent blindness.

16. Defendants were responsible for monitoring post-marketing safety data and updating Ozempic's labeling when supported by new safety information.

17. Defendants received adverse event reports and other safety information indicating a risk of optic nerve ischemia and NAION.

18. This information supported strengthening warnings concerning NAION and blindness.

19. Despite this knowledge, Defendants failed to adequately warn physicians and patients of the risk of NAION.

20. Federal law permitted Defendants to strengthen warnings based on newly acquired safety information.

21. Defendants failed to timely update the labeling or otherwise strengthen warnings.

22. There was no federal prohibition preventing Defendants from strengthening warnings regarding NAION risk.

23. Plaintiff's prescribing physician relied on Defendants' labeling and safety communications.

24. Had adequate warnings been provided, Plaintiff's physician would not have prescribed Ozempic or would have selected an alternative therapy.

25.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered permanent blindness and related damages.

## EQUITABLE TOLLING AND DISCOVERY RULE

26.     Plaintiff incorporates all preceding paragraphs.

27.     Plaintiff did not know, and could not reasonably have known, of the causal connection between Ozempic and NAION at the time of injury or diagnosis.

28.     NAION can occur suddenly and has multiple potential causes, making the drug-related cause difficult to discover absent adequate warnings.

29.     Defendants possessed superior knowledge of material safety information and data, and fraudulently concealed, suppressed, and or did not adequately disclose the risk of NAION, thereby preventing Plaintiff from discovering his claims despite reasonable diligence.

30.     Any applicable statute of limitations is tolled under the discovery rule, fraudulent concealment, and equitable tolling principles because Plaintiff could not reasonably have discovered the causal relationship earlier.

31.     Plaintiff filed suit within the limitations period measured from discovery of the causal connection.

## CAUSES OF ACTION

**COUNT I – Strict Products Liability – Failure to Warn**

32.     Plaintiff incorporates all preceding paragraphs.

33.     Ozempic was defective and unreasonably dangerous due to inadequate warnings regarding NAION and permanent blindness.

34.     The risk was known or reasonably knowable.

35.     The inadequate warnings were a proximate cause of Plaintiff's injuries.

**COUNT II – Strict Products Liability – Design Defect**

36. Plaintiff incorporates all preceding paragraphs.

37. Ozempic was unreasonably dangerous because its foreseeable risks, including permanent vision loss, outweighed its benefits when used as intended.

38. Safer therapeutic alternatives existed.

39. The defective design was a proximate cause of Plaintiff's injuries.

**COUNT III – Negligence**

40. Plaintiff incorporates all preceding paragraphs.

41. Defendants owed a duty to exercise reasonable care in the design, research, testing, manufacture, labeling, safety monitoring, and distribution of Ozempic.

42. Defendants breached that duty.

43. Defendants' negligence was a proximate cause of Plaintiff's injuries.

**COUNT IV – Negligent Failure to Warn**

44. Plaintiff incorporates all preceding paragraphs.

45. Defendants had a duty to provide adequate warnings to prescribing physicians regarding known or reasonably knowable risks.

46. Defendants failed to provide adequate warnings concerning NAION.

47. The failure to warn was a proximate cause of Plaintiff's blindness.

## PUNITIVE DAMAGES

48. Defendants acted with conscious disregard for patient safety by failing to timely strengthen warnings despite possessing safety information.

49. Plaintiff is entitled to punitive and exemplary damages.

## DAMAGES

50. As a direct and proximate result of the Defendant's wrongful actions and inactions, Plaintiff has suffered, and will continue to suffer permanent vision loss, medical expenses (past and future), pain and suffering, emotional distress, loss of enjoyment of life, permanent impairment, economic losses, and the loss and injures are ongoing and continuing in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive and exemplary damages;
c. Pre-judgment and post-judgment interest;
d. Costs of suit;
e. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: February 19, 2026                    **Respectfully submitted,**

By: /s/ Steven M. Johnson
Steven M. Johnson  (*Pro Hac Vice)*
(TX Bar No. 10794040)
**THE JOHNSON LAW FIRM**
3437 West Seventh Street # 258
Fort Worth, TX  76107
Telephone:  (817) 339-8878
Facsimile: (888) 887-2935
s.johnson@lawyersforclients.com
*ATTORNEY FOR PLAINTIFF*